**BROTHERHOOD OF TEAMSTERS & AUTO TRUCK DRIVERS, LOCAL 70, Appellant,**

v.

**CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, Appellee.**

**No. 19009.**

United States Court of Appeals Ninth Circuit.

Aug. 18, 1964.

Leon Ardzrooni, Neyhart & Grodin, San Francisco, Cal., for appellant.

William J. Hickey, San Francisco, Cal., John B. Lauritzen, Palo Alto, Cal., for appellee.

Before JERTBERG and DUNIWAY, Circuit Judges, and JAMESON, District Judge.

JAMESON, District Judge:

This is an appeal from an order determining the issues in an arbitration pending between the parties.

Alleging an illegal strike or work stoppage, Appellee Employer instituted suit against Appellant Union for breach of contract and damages, pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The district court granted appellant's motion for a stay pending exhaustion of grievance and arbitration procedures required by Article VII [1] of the collective bargaining agreement between the parties.

1. Section 1 of Article VII provides that any "grievance or controversy affecting the mutual relations of the Employer and the Union shall first be taken up between the Local Union and the individual Employer involved". If the matter is not resolved, the case is referred to the Joint Council 7 Labor-Management Committee. Section 2 creates Joint Council 7 Labor-Management Committee and

Appellee Company thereupon filed a grievance pursuant to Article VII, reciting that it recognized that the grievance might reach the Joint Council No. 7 Labor-Management Committee and result in a deadlock, and that should that situation arise, it requested appropriate action by "that committee to submit this grievance to an impartial arbitrator for hearing and the determination of damages" suffered by appellee.

Appellee Company's grievance came on for hearing before the Joint Council 7 Labor-Management Committee. The Committee formulated the grievance before it in the following motion for resolution:

"That the strike instituted and engaged in by Teamsters Local No. 70 against Consolidated Freightways beginning November 14, 1962, was in breach of the contract between the parties and that therefore Consolidated Freightways be awarded damages that can be proven as suffered by it as a result and consequence of said strike."

The Committee deadlocked on that motion.

The Committee, pursuant to Article VII, referred the case to an impartial arbitrator for final and binding decision. At the hearing before the arbitrator, Appellant Union contended that the sole issue before the arbitrator was the alleged illegality of the strike. Appellee Employer contended that the issue of damages was also before the arbitrator.

The arbitrator agreed with appellee. After quoting the deadlocked motion, he said:

"That is the deadlocked motion, and that is the issue that is before me. And, I understand this deadlocked motion to include (1) the question of illegality of the strike; and secondly, the question, if it is illegal and if any damages are to be awarded be-

cause of that, how much the damages shall be. That is my ruling."

Appellant Union thereupon refused to continue with the arbitration. Appellee applied to the district court for an order compelling arbitration, or, in the alternative, for vacation of the court's stay order. On September 16, 1963, the district court issued its order compelling arbitration on the following issues:

"(1) Whether the strike instituted and engaged in by Teamsters Local No. 70 against Consolidated Freightways beginning November 14, 1962, was illegal, and; (2) If said strike is found to be illegal, what damages, if any, are to be awarded to Consolidated Freightways?"

Appellant has appealed from this order. Appellee moved to dismiss the appeal on the ground that the order was neither a final order appealable under 28 U.S.C. § 1291 nor an injunctive order appealable under section 1292. The motion to dismiss was denied without prejudice to its renewal at the hearing of the appeal on the merits.

Appellant contends that by reason of its deadlock on the issue of the illegality of the strike, the Labor-Management Committee did not consider the issue of damages, and the arbitrator may not accordingly award damages without a further hearing before the Committee. Appellee contends that since the Committee could have awarded damages without a further hearing had a majority agreed that the strike was illegal, upon referral to arbitration the same power to award damages was conferred upon the arbitrator.

Subsequent to the filing of briefs the case of John Wiley & Sons v. Livingston was decided by the Supreme Court on March 30, 1964, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898. A reference to this decision was incorporated in a supplemental brief filed by appellee. This case

provides that the Committee may formulate rules of procedure consistent with the agreement. Section 3 provides that cases on which the Committee reaches

a deadlock "may be submitted to an impartial arbitrator for a decision only if a majority of the Committee so decides".

was submitted on the briefs, without oral argument.

Wiley v. Livingston was an action by a union, pursuant to § 301 of the Labor Management Relations Act, to compel arbitration under a collective bargaining agreement. Two questions were presented: "(1) whether a corporate employer must arbitrate with a union under a bargaining agreement between the union and another corporation which has merged with the employer, and, if so, (2) whether the courts or the arbitrator is the appropriate body to decide whether procedural prerequisites which, under the bargaining agreement, condition the duty to arbitrate have been met."

The first question was answered in the affirmative. With respect to the second question, it was contended that the grievance was not procedurally ripe for arbitration, since arbitration was the third step in the contractual grievance scheme, and the first two steps had not been followed. In holding that the question of "procedural arbitrability" was one to be decided by the arbitrator, the Court said in part:

"We think that labor disputes of the kind involved here cannot be broken down so easily into their 'substantive' and 'procedural' aspects. Questions concerning the procedural prerequisites to arbitration do not arise in a vacuum; they develop in the context of an actual dispute about the rights of the parties to the contract or those covered by it. * * *"

"* * * It would be a curious rule which required that intertwined issues of 'substance' and 'procedure' growing out of a single dispute and raising the same questions on the same facts had to be carved up between two different forums, one deciding after the other. Neither logic nor considerations of policy compel such a result.

"Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator. Even under a contrary rule, a court could deny arbitration only if it could confidently be said not only that a claim was strictly 'procedural,' and therefore within the purview of the court, but also that it should operate to bar arbitration altogether, and not merely limit or qualify an arbitral award. In view of the policies favoring arbitration and the parties' adoption of arbitration as the preferred means of settling disputes, such cases are likely to be rare indeed. * * *

"* * * Refusal to order arbitration of subjects which the parties have not agreed to arbitrate does not entail the fractionating of disputes about subjects which the parties do wish to have submitted. Although a party may resist arbitration once a grievance has arisen, as does Wiley here, we think it best accords with the usual purposes of an arbitration clause and with the policy behind federal labor law to regard procedural disagreements not as separate disputes but as aspects of the dispute which called the grievance procedures into play."

Here both the arbitrator and the district court concluded that contractual procedures do not require that the issue of damages be referred back to the Labor-Management Committee in the event the arbitrator finds that the strike was illegal, but rather that the issue of damages, as well as the issue of the illegality of the strike, should now be determined by the arbitrator. In our opinion they reached the right conclusion under the provisions of the collective bargaining agreement and the reference to the arbitrator of the motion on which the Labor-Management Committee deadlocked. While Wiley v. Livingston did not involve the precise question here presented, the same reasoning applies and the language of the court is persuasive, if not controlling.

The order of the district court is affirmed.